DIXON, *Ap't, v.* MARSTON.

An advancement is accounted as a part or the whole of an heir's share at the time of the advancer's decease.

PROBATE APPEAL from a decree of distribution, made December 14, 1886, upon the estate of Oliver H. Lord, who died intestate and solvent, May 13, 1883. The defendant, one of his daughters, had received an advancement of $9,000. To the plaintiff, another daughter, no advancement had been made. September 22, 1885, the probate court, on a petition filed by the plaintiff, made the following decree : " It is therefore ordered and decreed that in all proceedings in relation to the estate of said Oliver H. Lord, deceased, said sums hereinbefore mentioned be taken to be the true value of said advancements made by said deceased to his children . . . in the lifetime of said Oliver H. Lord." From this decree no appeal was taken.

*Chase & Streeter,* for the plaintiff. We make no question but that the value of the advancements was fixed by the decree of the probate court, made September 22, 1885. But the question, as of what date the advancement to the appellee " shall be accounted, according to its value " (that is, the value fixed as aforesaid), " as a part or the whole of the share of " the appellee, has not been decided, and is the question now under consideration. Its decision depends upon the construction of Gen. Laws, *c.* 203, *ss.* 1, 6, 9,

and 10. The title of the heir to both the real and personal estate of his ancestor comes into being, by virtue of *ss.* 1 and 6, at the moment when the ancestor dies; and the adjustment of advancements under *ss.* 9 and 10 should take place as of that date. As to the real estate, "the law itself casts the estate upon the heir immediately on the death of the ancestor." 2 Black. Com. 201; Boone R. P., *s.* 262; Sch. Executors, *s.* 198; *Lane* v. *Thompson*, 43 N. H. 320, 326. The title of the personal estate goes, at the same time, to the administrator or executor, as trustee for the creditors, legatees, heirs, and other parties interested in the estate. Sch. Executors, *ss.* 198, 238, 242; *Shirley* v. *Healds*, 34 N. H. 407, 411; *Lane* v. *Thompson, supra.*

Advancements are to be accounted and adjusted as of the same date, whether they are considered in making division of the real estate or distribution of the personal estate. The language of *ss.* 9 and 10 applies to both kinds of property alike. We can think of no reason why the legislature should have intended that advancements should be adjusted as of the date of the death of the ancestor when taken into account in making division of the real estate, and as of the date of the decree of distribution when taken into account in making distribution of the personal estate. On the other hand, there is a good and weighty reason why the legislature probably did not so intend. Equality among heirs is equity. *Fellows* v. *Little*, 46 N. H. 37. Such construction of the statute would produce inequality, as, for instance, when the estate consists of both real and personal property and there are several heirs to whom advancements have been made, and the adjustment of the advancements to some of them is made in the division of the real estate, and to the others in the distribution of the personal property. In its general application it would produce inequality. The following authorities fully sustain the views above expressed: *Kyle* v. *Conrad*, 25 W. Va. 760; *M'Dougald* v. *King*, 1 Bai. Eq. 154; *Cabells* v. *Puryear*, 27 Grat. 902; *Stewart* v. *Stewart*, 15 Ch. Div. 545.

In making adjustment of advancements upon this theory it becomes necessary to separate the earnings of the personal estate from the principal while it remains in the hands of the administrator or executor, since we do not know the fractional part of the estate that the heir is entitled to till after the adjustment of the advancements. There is no more difficulty in doing it in cases of this kind than in cases like *Healey* v. *Toppan*, 45 N. H. 243, 267, 268; *Minot* v. *Amory*, 2 Cush. 382; and *Treadwell* v. *Cordis*, 5 Gray 341. And there is the same reason for doing it. If the earnings of the personal estate while in the administrator's hands are not to be regarded as six per cent. per annum, the actual earnings can readily be determined.

The following statement shows the manner in which we claim the advancement should be adjusted in this case:

Balance in hands of administrator in settlement of his
    account December 14, 1886,                   $14,034.45
Allowance by judge of probate to widow for present
    support,                           500.00

   Whole personal estate for distribution,        $14,534.45

Widow's share, one third,[1]                  $4,844.81
Less amount of allowance already paid,         500.00

   Balance due widow,                   $4,344.81

Balance in hands of administrator, as aforesaid,  $14,034.45
Due widow, as above,                      4,344.81

   Balance for heirs, December 14, 1886,      $9,689.64

Present worth of said balance, May 13, 1883 (the date
    of Oliver H. Lord's death), at $6\%$[2] ($9,689.64÷
    $1,215, amount of $1.00 for 3 yrs., 7 mos.,)=   $7,975.01

The $9,689.64 left in the administrator's hands, December 14, 1886, as above, when applied as of May 13, 1883, to the adjustment of advancements. offsets $7,975.01 thereof, and leaves a balance of ($9,000.00—$7,975.01) $1,024.99 to be adjusted from the real estate before the appellee receives anything.

*Bingham & Mitchell*, for the defendant. September 22, 1885, on a petition filed by this appellant, praying that the value of the advancements be determined and fixed by the probate court, the value of the appellee's advancement was fixed, and such value was settled by the court to be the standard, and to control "in all proceedings in relation to the estate." This decree of the probate court, from which no appeal has been taken, has the same force and effect as a judgment of the supreme court. *Simmons* v. *Goodell*, 63 N. H. 458; *Jones* v. *Chase*, 55 N. H. 234; *Morgan* v. *Dodge*, 44 N. H. 255, 258; *Hurlburt* v. *Wheeler*, 40 N. H. 73; *Merrill* v. *Harris*, 26 N. H. 142; *Wilson* v. *Edmonds*, 24 N. H. 517; *Tebbets* v. *Tilton*, 24 N. H. 120; *Mathes* v. *Bennett*, 21 N. H. 188, 202; *Poplin* v. *Hawke*, 8 N. H. 124. The probate court has

---

[1] As the widow's share is a fixed fractional part ($\frac{1}{3}$) of the whole, it is not necessary to separate principal and income in adjusting her share; her third of the principal earns a third of the income; and a third of the whole amount at any given time would be a third of both. As we do not know the fractional part the heirs will have after adjustment of advancements, it becomes necessary to separate principal and income to determine the heirs' shares.

[2] If the rate is to be determined by the earnings of the personal estate while in the course of administration, this percentage may vary; but it illustrates the process.

exclusive jurisdiction of the adjustment and establishment of advancements. *Locke* v. *Hancock*, 59 N. H. 85 ; *Titus* v. *Ash*, 24 N. H. 319, 327 ; *Henry* v. *Arms*, Smith (N. H.) 39, 44. The probate court has acted, made its decree, and by that judgment all concerned are bound.

Advancements do not draw interest. *Osgood* v. *Heirs of Breed*, 17 Mass. 356 ; *Jackson* v. *Jackson*, 28 Miss. 674 ; *Black* v. *Whitall*, 1 Stockton's Chancery 572 ; *Yundt's Appeal*, 13 Penn. St. 575 ; *Porter's Appeal*, 94 Penn. St. 332.

DOE, C. J. " If any heir of any person deceased   .   .   .   has been advanced by the deceased in his lifetime, such advancement shall be accounted, according to its value, as part or the whole of the share of such heir. Such advancements   .   .   .   may be taken into consideration in the division of the real estate   .   .   . or   .   .   .   in the decree of distribution of the personal estate." Gen. Laws, *c.* 203, *ss.* 9, 10. The defendant's advancement, if adjusted in a division of realty, would be accounted as part of her share at the time of her father's death ; and there is nothing in the statute tending to show that the legislature intended her share should be more and her sister's share less if the adjustment of the advancement were made in a distribution of personalty than if it were made in a division of realty. So far as a division or distribution is made by law, it is equal. The defendant received from her father an advancement of $9,000. If his estate at the time of his death had been $9,000, and these parties had been his only heirs, equality would require that under the circumstances of this case the defendant should be considered as having the income of her $9,000 since her father's death, and that the plaintiff should have the income of her $9,000 during the same time. The facts disclose no reason why the defendant, in addition to the whole income of her $9,000, should have half or any part of the income of her sister's $9,000 while the law has had possession of the latter sum for the purpose of making a just settlement of the estate. The decree of September 22, 1885, determines what was the value of the defendant's advancement at the time she received it, but does not determine at what time an equal amount should be regarded (between these parties) as belonging to the plaintiff. As against the defendant, in an equal distribution, the plaintiff is to be considered as entitled to $9,000 at the time of her father's death ; and the decree of December 14, 1886, is modified accordingly.

CLARK, J., did not sit : the others concurred.